AO 91 (Rev. 12/93) Criminal Complaint

**United States District Court**

DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA

v.

CHARLES A. WEBSTER

Criminal Complaint 07- *166 M*

REDACTED

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 23, 2007, in New Castle County, in the District of Delaware defendant, Charles A. Webster

did knowingly possess a firearm after having convicted in any court by a crime punishable by imprisonment for more than one year

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT
Continued on the attached sheet and made a part hereof:   YES

FILED
AUG 2 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Veronica Hnat
Special Agent
Bureau of Alcohol Tobacco Firearms and Explosives

Sworn to before me and subscribed in my presence,

__August 24, 2007__        at __Wilmington, DE__
Date                                      City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

I, Veronica M. Hnat, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over seventeen years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over hundred occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1989.

2. Unless otherwise stated, the information in this affidavit is based upon your Affiant's personal knowledge.

3. The seizure of all the below-stated evidence occurred on August 23, 2007, in Newark, Delaware (New Castle County), as indicated to me by officers of the New Castle County Police who have personal knowledge of the stated facts.

4. On August 20, 2007, at approximately 2218 hours, the New Castle County Police responded to a shooting that occurred at the Delaware. Upon their arrival, they located Charles A. Webster           , who sustained a gun shot injury to the buttocks. He was transported to the hospital and subsequently released. He told the police that he did not know who shot him. At the time, Charles Webster was an active probationer with Delaware State Probation and Parole.

5. On August 22, 2007, at approximately 1916 hours, the Wilmington Police were at an area hospital and observe a black female enter the emergency room bleeding from the face. An interview of a witness, that accompanied the black female, stated that they were shot at by an unknown black male in the area of 4th and Rodney Streets, Wilmington, Delaware, while seated inside the black female victim's vehicle. The Wilmington Police recovered approximately 14 spent shell casings at the scene of the shooting.

6. On August 23, 2007, Delaware State Probation and Parole Officers, executed an administrative search warrant at                                        , the residence of Charles Webster. Located in the residence, in the living room area, under a seat cushion of the couch, was a loaded Taurus, .38 caliber revolver, serial number UL54758. Also located in the residence, in a hallway closet, in a boot, was a loaded Ruger, model Vaquero, serial number 5840073, with one spent shell casing inside the firearm. Both weapons were checked through the National Crime Information Center and found to be stolen. During the administrative search, Webster's father, who also resides at the above residence, indicated that the aforementioned firearms were not his.

7. Also located in a vehicle that was registered to Charles Webster were MapQuest directions printed from a computer to a location in Marcus Hook, Pennsylvania. Webster was mirandized and indicated that he knew who shot him and that they were from Marcus Hook. He stated that he was up in Marcus Hook, Pennsylvania earlier in the week and did his own surveillance at that location. He also indicated that he was at 4th and Rodney Streets, Wilmington, DE, on 8/22/07, hanging out with his cousin and friends shortly before the shooting. He stated that people are telling him that he was the target of that shooting.

8. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS), and learned that the defendant has a prior felony convictions for Assault First, for which he was found guilty on or about 8/20/1998, Attempt Murder 1st, for which he was found guilty of on or about 12/21/1991, and Escape after Conviction, for which he was found guilty of on or about 3/2/1992, all in the New Castle County Superior Court for the State of Delaware, which are all crimes punishable by imprisonment for a term exceeding one year.

9. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above-mentioned firearms were manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

10. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the above-mentioned seized firearms contained the frame and receiver of a firearm, and that the firearms appeared to be capable of expelling a projectile by action of an explosive.

11. Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce firearms, after having previously been convicted of a felony and respectfully requests that the Court issue a Criminal Complaint charging that offense.

*Veronica M. Hnat*
Veronica M. Hnat
Special Agent, ATF

Sworn to and subscribed in my presence
This 24th day of August, 2007

The Honorable Mary Pat Thynge