IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-115-SLR |
| CHARLES WEBSTER, JR. | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Charles Webster, by and through his undersigned counsel, Luis A. Ortiz, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about August 23, 2007, including all statements made subsequent to the illegal search.

In support of this motion, Mr. Webster avers as follows:[1]

1.  On August 20, 2007, New Castle County Police responded to a shooting that occurred at 8 Cheswold Boulevard, Apt 2A in Newark, Delaware. Charles A. Webster Jr. was shot by an unknown gunman while trying to enter his residence. Charles Webster was on probation at the time and asserts that his curfew was 10:00 PM. Mr. Webster was shot while entering his home in

---

[1] The facts contained in paragraphs 1-9 of this motion were taken from the discovery. Although Mr. Webster cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers. Mr. Webster submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

accordance with the curfew that he was told to comply with.

2. Charles Webster did not recognize his assailant, but did cooperate with the police regarding the shooting incident.

3. On August 22, 2007 at approximately 7:00 p.m. Mr. Webster's female cousin was shot while seated in a vehicle at 4th and Rodney Streets in Wilmington, Delaware. Shortly before the shooting, Mr. Webster had spoken to his cousin who was seated with an unknown male in the car. Mr. Webster was told that the shooting was targeted at him, but was not present during the shooting. A police officer known to Mr. Webster informed him that someone was being paid to shoot him, but did not know who the assailant was.

4. On August 23, 2007, the Delaware State Probation and Parole officers, along with members of the Wilmington Police Department, conducted an administrative search at Mr. Webster's address of record. When officers arrived at the residence, Mr. Webster was arrested without incident.

5. During the search, Delaware State Probation officers found a firearm inside of a work boot in a hall closet that also contained tools and a work cooler. A second firearm was also found under a couch cushion in the living room.

6. Mr. Webster's room was searched and $1,430.00 in United States Currency was recovered. A small amount of green, leafy residue was found in a suitcase in Mr. Webster's room. There were no firearms in Mr. Webster's room.

7. A machete was found under a mattress in the room where Mr. Webster's father sleeps.

8. Mr. Webster was employed at various locations up until a few weeks before his arrest.

9. Numerous people live, visit and and stay in the apartment as evidenced by there arrival during the search and their statements.

10.     On August 28, 2007, Mr. Webster was indicted on two counts for being a felon in possession of a loaded firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

**The Administrative Search of Mr. Webster's Home Violated His Fourth Amendment Rights Because It Was Not Supported by Reasonable Suspicion.**

11.     "A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987) (citation omitted). Although searches must generally be conducted pursuant to a warrant, the Supreme Court has permitted exceptions "when special needs, beyond the normal need for law enforcement, make the warrant and probable cause impracticable." Id. (citing New Jersey v. T.L.O., 469 U.S. 325, 351 (1985)).

12.     A State's operation of a probation system meets the "special needs requirement," and probationers have "conditional liberty properly dependent on observance of special [probation restrictions]." Griffin, 482 U.S. at 873-74. Accordingly, "probation officers may search a probationer's residence based on a reasonable suspicion that the probationer is engaged in criminal activity therein." United States v. Bowers, No. CRIM.A 04-133 JJF, 2005 WL 1979142, at *3 (D.Del. Aug, 15, 2005).

13.     In Bowers, the court summarized the Supreme Court's reasonable suspicion standard, and explained:

> Generally, for a suspicion to be reasonable, an officer must be able to articulate specific facts that support the suspicion, and thus, justify the intrusion. 'Anything less would invite intrusion upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches.' In evaluating whether a particular search was reasonable, 'it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure 'warrant a man of reasonable caution in the belief that the action taken was appropriate?"

Id. at *4 (citations omitted).

14.     In this case, the probation officer did not have reasonable suspicion to conduct the administrative search of Mr. Webster's home.  The officer had no information indicating that Mr. Webster was involved in any new illegal criminal activity.  Charles Webster was a crime victim and was in fact cooperating with police.

15.     On information and belief it is asserted that Mr Webster's curfew was 10:00 p.m.  Mr. Webster asserts that he did not knowingly violate his curfew and that the administrative search of his apartment was not justified by this alleged infraction.

16.     Mr. Webster also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement); see also Wong Sun, 371 U.S. 471 (stating that evidence from an illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine").

17.     Mr. Webster reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Webster respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about August 23, 2007, including all statements made subsequent to the illegal search.

                                                  Respectfully Submitted,

                                                  /s/
                                                  LUIS A. ORTIZ
                                                  Assistant Federal Public Defender

                                                  Attorney for Charles Webster

Federal Public Defender's Office
District of Delaware
One Customs House
704 King Street, Suite 110
Wilmington, DE   19801
(302) 573-6010
ecf_de@msn.com

Dated: October 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-115-SLR |
| | : | |
| CHARLES WEBSTER, JR. | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department and Delaware State Probation and Parole on August 23, 2007, and statements made by the Defendant to law enforcement officials on August 23, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Sue L. Robinson
United States District Court Judge