# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-115-SLR |
| | : | |
| CHARLES A. WEBSTER, JR., | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

The United States, by and through its undersigned counsel, Colm F. Connolly, United States Attorney for the District of Delaware, and Edward J. McAndrew, Assistant United States Attorney for the District of Delaware, respectfully requests that the Court deny Defendant's Motion to Suppress Physical Evidence and Statements for the reasons stated below. First, Defendant has abandoned that portion of his Motion that seeks suppression of his statements based on an alleged *Miranda* violation.[1] Second, neither the contraband discovered at Defendant's residence nor the statements that he made on August 23, 2007 should be suppressed, because the probation and parole officers had a reasonable basis for conducting an administrative search of Defendant's residence.

---

[1]     Defendant now seeks suppression of his statements based solely on his Fourth Amendment argument that they are fruit of the poisonous tree, in that the officers had no legal basis to conduct a search of his residence. (Suppression Hr'g Tr. 2:12-3:7, July 1, 2008.)

## I.     **PROPOSED FINDINGS OF FACT**

On August 29, 2008, Defendant Charles A. Webster was indicted on two counts of possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Section 922(g)(1).  (Indictment, Docket Item ("D.I.") 8.)  Those charges stemmed from the Delaware Probation and Parole Office's August 23, 2007 administrative search of Defendant's residence, wherein two stolen firearms were found.  (Aff. Supp. Complt. ¶ 6, D.I. 2.)

At the time of the August 23, 2007 administrative search, Defendant was statutorily prohibited from possessing a firearm.  On March 23, 1998, Defendant had entered into a plea agreement in the Superior Court for New Castle County, pursuant to which he had pled guilty to charges of: (1) Assault First Degree, in violation of Title 11, Delaware Code, Section 613; (2) Possession of a Firearm During the Commission of a Felony, in violation of Title 11, Delaware Code, Section 1447A; and (3) Reckless Endangering First Degree, in violation of Title 11, Delaware Code, Section 604.  (Plea Agreement, Gov't Ex. 2, at 44.)  On or about January 29, 1999, Defendant was sentenced to more than one year of imprisonment, to be followed by Level 3 intensive probation. (Sentencing Order, Gov't Ex. 2, at 45-48.)

The sentencing court imposed a number of express conditions to the sentence, including:

1.     Defendant would pay his financial obligations during the first two years of the probationary period;

2.     Defendant would have no contact with the victim;

3.     Defendant would maintain employment; and

4.     Defendant would be evaluated for substance abuse and emotional and/or psychological problems and follow any directions for counseling, testing or treatment made by the probation officer.

The sentencing court also included a "zero tolerance" statement, (Hr'g Tr. 13:4-11), in its order:

2

NOTE: DEFENDANT HAS <u>LONG VIOLENT JUVENILE RECORD.</u>  AS SOON AS DEFENDANT VIOLATES PROBATION, HE MUST BE TAKEN OFF THE STREET. DEFENDANT IS LUCKY HE RECEIVED A RULE 11 PLEA.

(Sentencing Order, Gov't Ex. 2, at 48 (emphasis in original).)

The sentencing court's note was an accurate comment on what Senior Probation Officer Janet Lingafeld described as Defendant's "extensive violent criminal history."  (Hr'g Tr. 10:13-19.)  Officer Lingafeld testified that she reviewed Defendant's DELJIS report prior to the August 23, 2007 administrative search that resulted in the instant charges.  *See id.* 7:23-11:10.  That report shows that Defendant had amassed seven felony convictions as of the August 23, 2007 administrative search.  (DELJIS Rpt. Gov't Ex. 1; Hr'g Tr. 10:9-12).  In reviewing the report prior to the search, Officer Lingafeld noted that Defendant had been convicted of, or charged with (with certain charges dismissed in consideration of guilty pleas), Assault First Degree; Robbery First Degree Possession of a Firearm During the Commission of a Felony; Reckless Endangerment; Aggravated Menacing and other crimes.[2]  (Hr'g Tr. 10:20-11:4.)

Also prior to conducting the administrative search, Officer Lingafeld was familiar with the terms of Defendant's intensive probation.  *See id.* 13:22-14:1.  As indicated in the "Level III Standard Curfew" form, Defendant was subject to a curfew from 6:00 p.m. to 6:00 a.m. if he was unemployed.  If employed full-time, he was subject to a curfew of 10:00 p.m. to 6:00 a.m.

---

[2]     The DELJIS Report also indicates that Defendant was convicted of Escape After Conviction in 1992; Attempted Murder First Degree in 1991; Criminal Impersonation in 1991; Possession with Intent to Deliver Cocaine in 1989; Receiving Stolen Property in 1989; Criminal Trespass Third Degree in 1989; Burglary Third Degree, Conspiracy and Theft in 1986.  (DELJIS Rpt., Gov't Ex. 1.)  The DELJIS Report also includes myriad charges that were ultimately dismissed, all of which Officer Lingafeld testified that she takes into account in accessing the likelihood of suspected criminal activity by probationers.  (Tr. 32:15-17.)

(Level III Standard Curfew Form, Gov't Ex. 3; Hr'g Tr. 14:2-16:17.)  Defendant signed this

form and dated it June 14, 2006, under the sentence that reads:

> I understand and acknowledged the above curfew as established under condition
> 13 of my supervision.

(Curfew Form, Gov't Ex. 3.)  At the time of the administrative search, Officer Lingafeld and

Probation Officer Angela Latsko knew that Defendant was unemployed, and was therefore

subject to a 6:00 p.m. curfew.  (Hr'g Tr. 16:21-17:3.)

Defendant also signed a document entitled "Conditions of Release," which listed

conditions that Defendant was subject to on August 23, 2007.  (Conditions of Release Form,

Gov't Ex. 4; Hr'g Tr. 17:20-23.)  Conditions expressly listed in that document include:

- reporting any new arrest, conviction or police contact within 72 hours;

- reporting any changes in residence or employment within 72 hours;

- maintaining employment; and

- abiding by a curfew established by the probation officer.

(Conditions of Release Form, Gov't Ex. 4.)  The form also twice includes the following sentence

in capitalized and bold lettering:

> **YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING
> QUARTERS, PERSON OR VEHICLE AT ANY TIME BY A
> PROBATION/PAROLE OFFICER.**

*Id.* at 169.  Immediately below this sentence, each time it appears, are the following sentences:

> I have read or have had read to me the above Conditions of Supervision.  I consent to and
> fully understand their content and meaning.

*Id.*

On August 23, 2007, Officer Lingafeld received information from New Castle County

Detectives Alfree and Lankenstein and Probation Officer Angela Latsko regarding two shooting incidents relating to Defendant. (Hr'g Tr. 18:21-21:15.) The New Castle County Police Department had opened investigations into each of the shootings. *Id.* 20:8-21:15.

Officer Lingafeld learned that on August 22, 2007 – just one day before the administrative search – Defendant, who resided in Newark, was "in the city with his cousin" who was shot in the face "moments after" Defendant left her. *Id.* 19:8-13. Officer Lingafeld also learned that just days prior to that incident, Defendant was the victim of a shooting at 10:18 p.m. – more than four hours after his curfew. *Id.* 19:14-17.

Because Defendant had been shot just two days earlier, the temporal – and Defendant's logistical – proximity (even though he was not present at the very moment it occurred) influenced the way Officer Lingafeld viewed the second shooting. *Id.* 60:15-23. Officer Lingafeld also was aware that Defendant may have been the intended target of the August 22, 2007 shooting. *Id.* 23:10-18; 60:7-14. In fact, the New Castle County detectives investigating the two shootings had a theory that Defendant "was robbing drug dealers in the city," which Officer Lingafeld believed may have been the motive for targeting him in the shootings. *Id.* 41:13-43:3.

Officer Lingafeld considered these facts in light of her training and experience in supervising violent probationers and parolees. Through that training and experience, she has found that "people involved in criminal activity often have a tendency to have violent crimes committed upon them more frequently." *Id.* 21:22-22:6. She believed that Defendant might be armed, because of his prior history of violent crime involving firearms. *Id.* 22:7-22. In particular, she focused on the fact that Defendant had "several charges of possession of a

5

firearm, which led [her] to believe that he would obtain a firearm to protect himself." *Id.* 22:13-16.

Officer Lingafeld also testified on cross examination that in addition to Defendant's history of violence and involvement in two shootings in three days, she also considered Defendant's failure to maintain employment, as required by the sentencing court, and his being shot after his curfew as factors leading her to decision to seek approval to search Defendant's residence. Id. 34:8-35:15. Officer Lingafeld also testified that Defendant violated his curfew a second time on the evening that his cousin was shot (the shooting occurred around 7:30 p.m. in the city). *Id.* 49:8-50:6. Officer Lingafeld also testified that she was aware that Defendant had a history of nine capiases. *Id.* 39:9-21; 59:23-60:6.[3]

Based on this information, Officer Lingafeld sought and obtained approval to conduct an administrative search of Defendant's residence from her supervisor, Patrick Cronin. *Id.* 22:17-22; 67:9-70:15. Mr. Cronin explained that he approved the request for the search based on the information summarized above. Mr. Cronin was aware: of the nature and circumstances of Defendant's extensive criminal history; that he had been shot in buttocks in the days prior to the search; and that he was the intended target in another incident days later in which his cousin was shot in the face in the city. *Id.* 68:14-16. Finally, Mr. Cronin believed that Defendant might be armed based on his training and experience. As he testified regarding research done by Delaware's Criminal Justice Counsel:

---

[3]     Probation Officer Latsko testified that she was aware that Defendant also violated his curfew on January 8, 2007. (Tr. 78:19-24.) Defendant also failed to remain employed and did not meet the financial obligations imposed upon him by the sentencing court. *Id.* 79:8-11.

individuals who were shot frequently were the persons who were involved as shooters in the incident or in a previous incident, and, as a result, that once somebody became a victim of a shooting and they had a criminal history that involved a shooting, we expected another shooting probably would be following out of that and the individual may be arming himself to protect himself from future shootings and to initiate any revenge.

*Id.* 69:17-70:15.

Officers Lingafeld and Latsko, along with New Castle County Police Department officers, executed the administrative search at approximately 8:00 p.m., on August 23, 2007. *Id.* 26:15-27:19. Defendant was present and was arrested. *Id.* Officers found a firearm in a boot located in the hallway closet, and a second firearm "between the cushion and the arm in the couch in the living room." *Id.* 27:20-28:10.

After being mirandized, Defendant consented to an interview, during which he indicated that he knew who shot him and that the shooter was from Marcus Hook. (Aff. Supp. Complt. ¶ 7, D.I. 2.) He stated that he was in Marcus Hook conducting surveillance earlier that week. He also indicated that he was at 4th and Rodney Streets on August 22, 2007, where he was hanging out with his cousin and friends shortly before the shooting incident. *See id.* He stated that others were telling him that he was the target of the August 22 shooting. *See id.*

## II.    PROPOSED CONCLUSIONS OF LAW

To conduct an administrative search of a probationer's residence, probation and parole officers need only have "reasonable suspicion" of the probationer's legal wrongdoing. *United States v. Knights*, 534 U.S. 112, 121 (2001); *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005); *United States v. Barnard*, No. 06-73, 2008 WL 331424, at *3 (D. Del. Feb. 6, 2008). A warrantless search of a probationer's residence based on reasonable suspicion is permissible because "a probationer's reasonable expectation of privacy is reduced, and the government's

reasonable need to monitor that individual [is] likewise increased." *Barnard*, 2008 WL 331424, at *3; *see also Williams*, 417 F.3d at 376.

In striking this constitutional balance, the Supreme Court has explained that probation is "'one point on a continuum of possible punishments'" for a violation of criminal law. *Knights*, 534 U.S. at 119 (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987)). "Inherent in the very nature of probation" is the notion that "probationers do not enjoy the absolute liberty to which every citizen is entitled." *Id.* (internal quotations omitted). Search conditions imposed on probationers further the primary goals of rehabilitating the probationer while protecting the community from future criminal violations.[4] *Id.*

A probation and parole officer has reasonable suspicion to conduct an administrative search where, under the totality of the circumstances, she has "a particularized and objective basis for suspecting legal wrongdoing." *Williams*, 417 F.3d at 376; *Barnard*, 2008 WL 331424, at *3; *United States v. Cottman*, 497 F. Supp. 2d 598, 602 (D. Del. 2007). Factors that may support such reasonable suspicion in the probation/administrative search context include: the defendant's involvement (as the perpetrator or victim) in other crimes while on probation; the defendant's criminal history (and particularly a history of violence); the defendant's history of

---

[4]     Citing Department of Justice statistics showing that "the recidivism rate of probationers is significantly higher than the general crime rate," the Supreme Court recognized that "'the probationer is more likely than the ordinary citizen to violate the law.'" *Knights*, 534 U.S. at 120 (quoting *Griffin*, 483 U.S. at 880). The Court also explained that "probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply." *Id.*; *accord United States v. Sczubelek*, 402 F.3d 175, 183 (3d Cir. 2005) (reciting *Knights* reasoning and affirming district court order requiring defendant to provide DNA sample).

past or active warrants; the defendant's non-compliance with curfews, drug testing, employment, residency or similar requirements imposed by the probation office; information received from other law enforcement officers regarding such matters; and the probation officers' general knowledge, training and experience regarding potential recidivism by particular types of offenders. *See, e.g.*, *Williams*, 417 F.3d at 376-77; *Cottman*, 497 F. Supp. 2d at 602-03; *Barnard*, 2008 WL 331424, at *3-*4.

All of these factors gave rise to the officers' reasonable suspicion that Defendant may have been involved in legal wrongdoing on or about August 23, 2007.

First, the crimes for which he was on probation and the sentencing court's statements regarding the need to arrest him at the first sign of a violation informed the officers' approach to supervision. Defendant was on probation after being convicted of, *inter alia*, Assault First Degree and Possession of a Firearm During the Commission of a Felony. *See supra* at 2 (citing Plea Agreement, Gov't Ex. 2, at 44). The sentencing order explicitly stated that Defendant had a "long violent juvenile record" and that he was "to be taken off the street" if he violated the conditions of his probation. *See id.* at 2-3 (citing Hr'g Tr. 13:4-11).

Second, Defendant had myriad arrests, charges and seven felony convictions prior to the August 23, 2007. *See id.* at 3 & n.2 (citing DELJIS Rpt. Gov't Ex. 1; Hr'g Tr. 10:9-12). In addition to those noted above, Defendant had been convicted of, or charged with, Robbery First Degree; Reckless Endangerment; Aggravated Menacing; Escape After Conviction; Attempted Murder First Degree; Criminal Impersonation; and Possession with Intent to Deliver Cocaine. *See id.* (citing Hr'g Tr. 10:20-11:4; 32:15-17; DELJIS Rpt., Gov't Ex. 1). Thus, the probation officers weighed the facts surrounding the August 2007 shooting incidents in the context of

9

Defendant's "extensive violent criminal history." *Id.* at 3 (citing Hr'g Tr. 10:13-19); *cf.*

*Barnard*, 2008 WL 331424, at *4 (criminal history for drug offenses helped to support finding of

reasonable suspicion of similar activity); *Cottman*, 497 F. Supp. 2d at 604 (prior arrests for

similar crimes is relevant to reasonable suspicion determination).

The officers also weighed the facts of the shooting incidents in light of Defendant's other

violations of his conditions of probation.  In particular, the officers considered that Defendant

was not employed and had violated his curfew on a number of occasions as of the August 23,

2007 administrative search.  *See supra* at 5, 6 & n.3 (citing Hr'g Tr. 16:21-17:3; 34:8-35:15;

49:8-50:6; 78:19-24; 79:8-11).  In fact, Defendant was in violation of his curfew on the nights

that he and his cousin were shot.  *See id.* 5, 6 (citing Hr'g Tr. 19:14-17; 49:8-50:6)*; cf. Williams*,

417 F.3d at 375 (probationer's having violated parole by, *inter alia*, quitting his job and violating

his curfew were relevant to reasonable suspicion analysis); *Cottman*, 497 F. Supp. 2d at 603-04

(probationer's presence in high crime area while violating curfew was relevant to reasonable

suspicion determination).

In addition, the officers were aware that Defendant had a history of nine capiases.  *See*

*supra* at 6 (citing Hr'g Tr. 39:9-21; 59:23-60:6); *Cottman*, 497 F. Supp. 2d at 604 (history of

warrants relevant to probation violation/reasonable suspicion issue).

It was in this context that the officers received reports from law enforcement officers that

Defendant had been the victim of a shooting on August 20, 2007, about four hours after his

evening curfew began.  *See supra* at 5 (citing Hr'g Tr. 18:21-23:18; 60:7-23).  The officers also

learned that just two days later, Defendant was apparently the intended target of an incident in

the city that resulted in Defendant's cousin being shot in the face – with this incident also

10

occurring after Defendant's evening curfew began. *See id.* They also knew that the detectives believed that Defendant may have been robbing drug dealers in the city, thus creating a motive for the shootings. *See id.* (citing 41:13-43:3); *cf. Williams*, 417 F.3d at 375-76 (probationer's presence at time of shooting and information that he was the target of shooting were relevant to the reasonable suspicion analysis); *Cottman*, 497 F. Supp. 2d at 604 (probationer's presence in high crime area after curfew was relevant to the reasonable suspicion analysis).

Finally, the officers considered all of these facts in light of their training and experience in supervising probationers convicted of violent crimes. They considered that those who are the victims of shootings are known to arm themselves for protection and/or retaliation. *See supra* at 5 (citing Hr'g Tr. 21:22-22:22), and 6-7 (citing Hr'g Tr. 69:17-70:15).

The totality of these circumstances known to the probation officers provided them with the requisite reasonable suspicion to conduct the August 23, 2007 search.

## **CONCLUSION**

For all of the foregoing reasons, the Government respectfully requests that Defendant's motion to suppress be denied.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:   /s/ Edward J. McAndrew
      Edward J. McAndrew
      Assistant United States Attorney
      United States Attorney's Office
      1007 Orange Street
      Suite 700
      Wilmington, Delaware 19899-2046
      (302) 573-6227
      Ed.mcandrew@usdoj.gov

Dated:   August 11, 2008

**EXHIBIT 1**



**server.deljis.state.de.us**

| DELJIS Menu | Web Searches | Support/Help |

## Charge Summary Inquiry On: WEBSTER, CHARLES A J                    INC



If th
reco
corr
Sup|

Date: 8/24/2007      Last Update Date: 08/23/2007
Token: **A0103419**

---

**IDENTIFICATION INFORMATION:**

LiveScan/Mugshot(s) Available - Click To View
Click to View Enlarged DMV Photo and Signature

Click to compare DMV Photo And AFIS LiveScan Photo

| SBI Number: | Driver's License(s): | Social Security Number(s): |
| 00203050 | DE 0295610 - Click to View | 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 |
| | | 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 |

Name(s) Used:                          Date(s) of Birth:
**01 WEBSTER , CHARLES  A  J**          **09/14/1972**
                                        **09/14/1973**

Sex: **Male** Race: **Black** Height: **5'10** Weight: **160lbs**
Eye Color: **Brown** Hair Color: **Black**    Place of Birth:

Non-Amenable: **No**

Current DOC Status: **PAROLEE**
Current DOC Agency/Institution: **P & P NEW CASTLE**
Click to view DOC History

Click to view Address History
Address: **8 CHESWOLD BLVD**
         **APT 2A HARBOR CLUB**
         **NEWARK , DE 19713**    County: Unknown

**SCARS, MARKS AND TATTOOS:**

Scar--**Right Hand**
Discoloration--**Left Arm**



GOVERNMENT
EXHIBIT



**CAUTIONS, NOTICES, COMMENTS:**

No Caution Data

**CHARGE/ARREST DATA:**

Total Reported Arrests: 028      Total Warrants/Capiases: 009

Active Warrants/Capiases: 000

| Charge Summary: | Reported: | Convictions: |
|---|---|---|
| Felony | 0034 | 0007 |
| Misdemeanor | 0033 | 0011 |
| Violation | 0000 | 0000 |
| Other/Unknown | 0005 | 0002 |

**DELJIS CHARGE SUMMARY:**

Arrest Date: **01/15/1998**
Arresting Agency: NEW CASTLE COUNTY SUPERIOR COURT  Arrest Number: WU79800254
006  DE:11:4334:0000:M:
  VIOLATION OF PROBATION-

    Case Number: 91011456DI      Court: NEW CASTLE COUNTY SUPERIOR COURT
    Date: 02/05/1998      Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail

Arrest Date: **11/19/1997**
Arresting Agency: WILMINGTON PD  Arrest Number: 97008083

001  DE:11:0613:00A1:F::C
  ASSAULT FIRST DEGREE-INTENTIONAL SERIOUS INJURY-WEAPON DANGEROUS
INSTRUMENT
    Complaint Number: **3097028121**
    Case Number: 9711010854 Court: MUNICIPAL COURT
    Date: 11/26/1997      Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711010854      Court: NEW CASTLE COUNTY SUPERIOR COURT
    Date: 08/20/1998      Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail
002  DE:11:0832:00A2:F::B
  ROBBERY FIRST DEGREE-DISPLAYS WHAT APPEARS TO BE A DEADLY WEAPON
    Complaint Number: **3097028121**
    Case Number: 9711010854 Court: MUNICIPAL COURT
    Date: 11/26/1997      Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT

00000089

00000089

Date: 08/20/1998     Disposition: NOLLE PROSEQUI

003  DE:11:0604:000A:F::E
RECKLESS ENDANGER FIRST DEGREE CREATES A SUBSTANTIAL RISK OF DEATH TO ANOTHER

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
Date: 08/20/1998     Disposition: NOLLE PROSEQUI

004  DE:11:1447:A00A:F::B
POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854     Court: NEW CASTLE COUNTY SUPERIOR COURT
Date: 08/20/1998     Disposition: GUILTY ORIGINAL CHARGE
Click To View Sentence Detail

005  DE:11:0531:0001:F::B
ATTEMPTED ROBBERY FIRST DEGREE

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
Date: 08/20/1998     Disposition: NOLLE PROSEQUI

006  DE:11:1447:A00A:F::B
POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
Date: 08/20/1998     Disposition: NOLLE PROSEQUI

007  DE:11:0604:000A:F::E
RECKLESS ENDANGER FIRST DEGREE CREATES A SUBSTANTIAL RISK OF DEATH TO ANOTHER

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854     Court: NEW CASTLE COUNTY SUPERIOR COURT
Date: 08/20/1998     Disposition: GUILTY ORIGINAL CHARGE
Click To View Sentence Detail

008  DE:11:0602:000B:F::E
AGGRAVATED MENACING - DISPLAYING WHAT APPEARS TO BE A DEADLY WEAPON

Complaint Number: 3097028121

Case Number: 9711010854 Court: MUNICIPAL COURT
Date: 11/26/1997     Disposition: TRANSFERRED TO ANOTHER COURT
Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT

00000090

00000090

Date: 08/20/1998        Disposition: NOLLE PROSEQUI

009  DE:11:1447:A00A:F::B
  ATTEMPTED POSSESSION OF A WEAPON FELONY C
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

010  DE:11:1301:001A:M:
  DISORDERLY CONDUCT- FIGHTING OR VIOLENT TUMULTUOUS OR THREATENING
  BEHAVIOR
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

011  DE:11:0604:000A:F::E
  RECKLESS ENDANGER FIRST DEGREE CREATES A SUBSTANTIAL RISK OF DEATH TO
  ANOTHER
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

012  DE:11:1447:A00A:F::B
  POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

013  DE:11:0604:000A:F::E
  ATTEMPTED AGRIVATED ASSAULT FELONY C
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

014  DE:11:1447:A00A:F::B
  POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY
       Complaint Number: **3097028121**
       Case Number: 9711010854 Court: MUNICIPAL COURT
          Date: 11/26/1997        Disposition: TRANSFERED TO ANOTHER COURT
       Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
          Date: 08/20/1998        Disposition: NOLLE PROSEQUI

015  DE:11:0604:000A:F::E

00000091

00000091

RECKLESS ENDANGER FIRST DEGREE CREATES A SUBSTANTIAL RISK OF DEATH TO
ANOTHER
    Complaint Number: **3097028121**
    Case Number: 9711010854 Court: MUNICIPAL COURT
      Date: 11/26/1997        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 08/20/1998        Disposition: NOLLE PROSEQUI
016 DE:11:1447:A00A:F::B
  POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY
    Complaint Number: **3097028121**
    Case Number: 9711010854 Court: MUNICIPAL COURT
      Date: 11/26/1997        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 08/20/1998        Disposition: NOLLE PROSEQUI
017 DE:11:1448:00A1:F::F
  POSSESS A DEADLY WEAPON BY A PERSON PROHIBITED - PRIOR VIOLENT CRIME -
FELONY
    Complaint Number: **3097028121**
    Case Number: 9711010854 Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 08/20/1998        Disposition: NOLLE PROSEQUI

Arrest Date: **11/05/1997**
Arresting Agency: TROOP 6 STATE POLICE  Arrest Number: SPK76465

001 DE:21:4169:0A1B:M:
  EXCEED 25 MPH RESIDENTIAL DISTRICT
    Case Number: 9711005261 Court: JUSTICE OF THE PEACE COURT 11
      Date: 07/17/1998        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711005261 Court: JUSTICE OF THE PEACE COURT 18
      Date: 07/17/1998        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711005261     Court: NEW CASTLE COUNTY COURT OF COMMON
                      PLEAS
      Date: 10/15/1998        Disposition: GUILTY ORIGINAL CHARGE
      Click To View Sentence
Detail
002 DE:21:2756:000A:M:
  DRIVING WHILE SUSPENDED OR REVOKED
  LIO - **21:2701:000A:M:**
  DRIVING WITHOUT A LICENSE-
    Case Number: 9711005261 Court: JUSTICE OF THE PEACE COURT 11
      Date: 07/17/1998        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711005261 Court: JUSTICE OF THE PEACE COURT 18
      Date: 07/17/1998        Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9711005261     Court: NEW CASTLE COUNTY COURT OF COMMON
                      PLEAS
      Date: 10/15/1998        Disposition: GUILTY ORIGINAL CHARGE
      Click To View Sentence
Detail

00000092

00000092

Arrest Date: **08/02/1997**
Arresting Agency: WILMINGTON PD  Arrest Number: WM78253

001  DE:21:2756:000A:M:
DRIVING WHILE SUSPENDED OR REVOKED
    Complaint Number: **3097019062**
    Case Number: 9708003795   Court: MUNICIPAL COURT
      Date: 10/09/1997     Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail

Arrest Date: **04/18/1994**
Arresting Agency: DELAWARE CORRECTIONAL CENTER  Arrest Number: 284011

001  DE:11:0601:0000:M:
OFFENSIVE TOUCHING
    Complaint Number: **4194000024**
    Case Number: 9404010757 Court: JUSTICE OF THE PEACE COURT 09
      Date: 04/18/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
      Date: 05/03/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757    Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 05/17/1995     Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail
002  DE:11:1322:0001:M:
CRIMINAL NUISANCE-CONDUCT THAT RECKLESSLY CREATES MAINTAINS
DANGEROUS CONDITIO
    Complaint Number: **4194000024**
    Case Number: 9404010757 Court: JUSTICE OF THE PEACE COURT 09
      Date: 04/18/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
      Date: 05/03/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757 Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 05/18/1995     Disposition: NOLLE PROSEQUI
003  DE:11:1301:001B:M:
DISORDERLY CONDUCT-NOISE OFFENSIVE UTTERANCE GESTURE DISPLAY ABUSIVE
LANGUAGE
    Complaint Number: **4194000024**
    Case Number: 9404010757 Court: JUSTICE OF THE PEACE COURT 09
      Date: 04/18/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
      Date: 05/03/1994     Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 9404010757 Court: NEW CASTLE COUNTY SUPERIOR COURT
      Date: 05/18/1995     Disposition: NOLLE PROSEQUI

Arrest Date: **10/07/1991**
Arresting Agency: TROOP 2 STATE POLICE  Arrest Number: 122283

00000093

00000093

001  DE:11:1253:0000:F::D
ESCAPE AFTER CONVICTION-
   Complaint Number: 0691032550
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 11
     Date: 10/08/1991      Disposition: TRANSFERED TO ANOTHER COURT
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 18
     Date: 11/07/1991      Disposition: PENDING
   Case Number: 9111003648      Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 03/02/1992      Disposition: GUILTY ORIGINAL CHARGE
   Click To View Sentence Detail

002  DE:11:0512:0000:F::E
CONSPIRACY SECOND DEGREE
   Complaint Number: 0691032550
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 11
     Date: 10/08/1991      Disposition: TRANSFERED TO ANOTHER COURT
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 18
     Date: 11/07/1991      Disposition: PENDING
   Case Number: 9111003648 Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 03/20/1992      Disposition: NOLLE PROSEQUI

003  DE:11:0811:00A1:M:
CRIMINAL MISCHIEF-UNDER $500-DAMAGE PROPERTY
   Complaint Number: 0691032550
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 11
     Date: 10/08/1991      Disposition: TRANSFERED TO ANOTHER COURT
   Case Number: 9111003648 Court: JUSTICE OF THE PEACE COURT 18
     Date: 11/07/1991      Disposition: PENDING
   Case Number: 9111003648 Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 01/06/1992      Disposition: NOLLE PROSEQUI

Arrest Date: 06/18/1991
Arresting Agency: WILMINGTON PD  Arrest Number: 51501

001  DE:11:1447:0000:F::B
POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY
   Complaint Number: 3091043839
   Case Number: 9205004454 Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 11/25/1991      Disposition: NOLLE PROSEQUI

004  DE:11:0531:0001:F::A
ATT MURDER 1ST
LIO - 11:0613:0000:F:B:
   Complaint Number: 3091043839
   Case Number: 9205004454      Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 12/12/1991      Disposition: GUILTY ORIGINAL CHARGE
   Click To View Sentence Detail
   Case Number: 9205004454 Court: NEW CASTLE COUNTY SUPERIOR COURT
     Date: 12/16/1991      Disposition: TRANSFERED TO ANOTHER COURT

005  DE:11:0512:0001:F::G

00000094



00000094

CONSPIRACY SECOND DEGREE-AGREEMENT TO ENGAGE IN FELONY CRIMINAL
CONDUCT

    Complaint Number: **3091043839**
    Case Number: 9205004454 Court: NEW CASTLE COUNTY SUPERIOR COURT
       Date: 03/20/1992    Disposition: NOLLE PROSEQUI

006 DE:11:0513:0001:F::E
 CONSPIRACY FIRST DEGREE-AGREEMENT TO ENGAGE IN CLASS A FELONY CRIMINAL
CONDUCT

    Complaint Number: **3091043839**
    Case Number: 9111001747 Court: NEW CASTLE COUNTY SUPERIOR COURT
       Date: 12/16/1991    Disposition: NOLLE PROSEQUI

Arrest Date: **01/27/1991**
Arresting Agency: TROOP 1 STATE POLICE  Arrest Number: SPG02885

004 DE:21:0702:0000:M:
 FAILURE TO ANSWER SUMMONS

    Complaint Number: **SPG02885**
    Case Number: 9410002044    Court: JUSTICE OF THE PEACE COURT 11
       Date: 01/28/1992    Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail

Arrest Date: **01/27/1991**
Arresting Agency: TROOP 1 STATE POLICE  Arrest Number: SPF82902

003 DE:21:4169:0A1E:M:
 55MPH ON 4 LANE ROADWAYS

    Complaint Number: **SPF82902**
    Case Number: 9410002044    Court: JUSTICE OF THE PEACE COURT 11
       Date: 01/28/1992    Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail

Arrest Date: **01/27/1991**
Arresting Agency: TROOP 1 STATE POLICE  Arrest Number: SPF82904

002 DE:21:2756:000A:M:
 DRIV VEH WHILE LICENSE SUSP OR REVOKED

    Complaint Number: **SPF82904**
    Case Number: 9410002044    Court: JUSTICE OF THE PEACE COURT 11
       Date: 01/28/1992    Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail

Arrest Date: **01/27/1991**
Arresting Agency: TROOP 1 STATE POLICE  Arrest Number: 63919

001 DE:11:0907:0000:M::A
 CRIMINAL IMPERSONATION

    Complaint Number: **0191080162**

00000095



00000095

Case Number:                    Court: JUSTICE OF THE PEACE COURT 15
Date: 05/13/1991                Disposition: GUILTY ORIGINAL CHARGE
Click To View Sentence Detail

Arrest Date: **11/16/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 9832

001  DE:11:2108:0000:M::A
  NON-COMPLIANCE W/COND.OF RELEASE-MISDE.
      Complaint Number: **3090115700**
      Case Number: Court: MUNICIPAL COURT
      Date:      Disposition: UNKNOWN DISPOSITION
002  DE:11:2113:0000:M:
  BREACH OF RELEASE
      Complaint Number: **3090115700**

Arrest Date: **10/08/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 8618

001  WI: :0039:0049:M:
  MISSILE THROWING
      Complaint Number: **3090101905**
      Case Number:    Court: MUNICIPAL COURT
        Date: 10/10/1990 Disposition: TRANSFERED TO ANOTHER COURT
      Case Number:     Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 06/26/1991 Disposition: PENDING

Arrest Date: **09/21/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: W300004540
001  DE:16:4751:000A:F::E
  POSS W/I TO DEL/MANUF. NAR. SCH I OR II
      Complaint Number: **3090005313**
      Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 11/02/1990 Disposition: PENDING

Arrest Date: **09/20/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 8106

001  DE:16:4751:000A:F::C
  POSSESSION W/I TO DELIVER COCAINE
      Complaint Number: **3090095313**
      Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 09/20/1990 Disposition: NOLLE PROSEQUI

Arrest Date: **09/10/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 7773

001  DE:11:0611:0000:M::A

00000096


00000096

DELJIS Web Applications

ASSAULT,THIRD DEGREE
Complaint Number: 3090091726
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 11/01/1990 Disposition: PENDING
002 DE:11:0511:0000:M:A
CONSPIRACY,THIRD DEGREE
Complaint Number: 3090091726
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 11/01/1990 Disposition: PENDING

Arrest Date: 07/21/1990
Arresting Agency: WILMINGTON PD Arrest Number: 6275

001 DE:11:1301:0000:M:B
DISORDERLY CONDUCT
Complaint Number: 3090072705
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 08/01/1990 Disposition: PENDING
002 WI: :0039:0057:M:
RESISTING/HINDERING A POLICE OFFICER
Complaint Number: 3090072705
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 08/01/1990 Disposition: PENDING

Arrest Date: 07/01/1990
Arresting Agency: NEW CASTLE COUNTY PD Arrest Number: 100853

001 DE:11:0602:0000:M:B
MENACING
Complaint Number: 3290055337
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 08/01/1990 Disposition: PENDING
002 DE:11:0621:0000:M:A
TERRORISTIC THREATENING
Complaint Number: 3290055337
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 08/01/1990 Disposition: PENDING
003 DE:11:0851:0000:F:E
RECEIVING STOLEN PROPERTY OVER $500
Complaint Number: 3290048890
Court: NEW CASTLE COUNTY FAMILY COURT    Case Number:
Date: 08/01/1990 Disposition: PENDING

Arrest Date: 06/21/1990
Arresting Agency: WILMINGTON PD Arrest Number: 5472

001 DE:16:4751:000:F:E

00000097

00000097

POSS W/I TO DEL/MANUF. NAR. SCH I OR II
    Complaint Number: **3090061179**
    Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 06/26/1990 Disposition: PENDING
            *Disposition*
Arrest Date: **04/05/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 3059

001 DE:11:1301:0000:M::B
  DISORDERLY CONDUCT
    Complaint Number: **3090031503**
    Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 04/05/1990 Disposition: NOLLE PROSEQUI

Arrest Date: **01/11/1990**
Arresting Agency: WILMINGTON PD  Arrest Number: 00382

002 DE:11:0907:0000:M::A
  CRIMINAL IMPERSONATION
    Complaint Number: **3089039745**
    Case Number:    Court: MUNICIPAL COURT
        Date: 01/11/1990 Disposition: NOLLE PROSEQUI
003 DE:11:1244:0000:M:
  HINDERING PROSECUTION
    Complaint Number: **3090003427**
    Case Number:    Court: MUNICIPAL COURT
        Date: 01/11/1990 Disposition: NOLLE PROSEQUI

Arrest Date: **11/20/1989**
Arresting Agency: WILMINGTON PD  Arrest Number: 08663

001 DE:11:0611:0000:M::A
  ASSAULT 3RD
    Complaint Number: **3089099056**
    Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 11/20/1989 Disposition: NOLLE PROSEQUI
002 DE:11:0811:0000:M::A
  CRIMINAL MISCHIEF
    Complaint Number: **3089099056**
    Case Number:    Court: NEW CASTLE COUNTY FAMILY COURT
        Date: 11/20/1989 Disposition: NOLLE PROSEQUI
003 DE:16:4753:0000:F::B
  TRAFFICKING COCAINE
    Complaint Number: **3089105613**
    Case Number:    Court: MUNICIPAL COURT
        Date: 11/20/1989 Disposition: NOLLE PROSEQUI
004 DE:16:4751:0000:F::E

00000098


00000098

POSS W/INTENT TO DELIVER COCAINE
  Complaint Number: 3089105613
  Case Number:                    Court: MUNICIPAL COURT
    Date: 11/20/1989              Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail
005  DE:11:0512:0000:F::E
CONSPIRACY 2ND
  Complaint Number: 3089105613
  Case Number:        Court: MUNICIPAL COURT
    Date: 11/20/1989 Disposition: NOLLE PROSEQUI

Arrest Date: 09/19/1989
Arresting Agency: WILMINGTON PD  Arrest Number: 06780

001  DE:11:0851:0000:E::E
RECEIVING STOLEN PROPERTY
  Complaint Number: 3089084962
  Case Number:                    Court: MUNICIPAL COURT
    Date: 09/19/1989              Disposition: GUILTY ORIGINAL CHARGE
    Click To View Sentence Detail
002  DE:11:0512:0000:F::E
CONSPIRACY 2ND
  Complaint Number: 3089084962
  Case Number:        Court: MUNICIPAL COURT
    Date: 09/19/1989 Disposition: NOLLE PROSEQUI

Arrest Date: 08/27/1989
Arresting Agency: WILMINGTON PD  Arrest Number: 06121

001  DE:11:0841:0000:F::E
THEFT
  Complaint Number: 3089076959
002  DE:11:0512:0000:F::E
CONSPIRACY 2ND
  Complaint Number: 3089076959
003  DE:16:4754:0000:M:
POSS OF MARIJUANA
  Complaint Number: 3089076959

Arrest Date: 07/22/1989
Arresting Agency: TROOP 6 STATE POLICE  Arrest Number: 19082

001  DE:11:0821:0000:M:
CRIMINAL TRESPASS THIRD
  Complaint Number: 0689021766
  Case Number:                    Court: JUSTICE OF THE PEACE COURT 11
    Date: 07/22/1989              Disposition: GUILTY ORIGINAL CHARGE

Click To View Sentence Detail
002  DE:11:0907:0000:M::A
  CRIMINAL IMPERSONATION
      Complaint Number: **0689021766**
      Case Number:       Court: JUSTICE OF THE PEACE COURT 11
          Date: 07/22/1989 Disposition: NOLLE PROSEQUI

Arrest Date: **11/11/1988**
Arresting Agency: WILMINGTON PD  Arrest Number: 07771

001  DE:11:0621:0000:M::A
  TERRORISTIC THREATENING
      Complaint Number: **3088062687**
      Case Number:       Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 11/11/1988 Disposition: DISMISSED
002  DE:11:0602:0000:M::B
  MENACING
      Complaint Number: **3088062687**

Arrest Date: **08/15/1986**
Arresting Agency: WILMINGTON PD  Arrest Number: 05132

001  DE:11:0824:0000:D::D
  BURGLARY 3RD (F)
      Complaint Number: **3086055213**
      Case Number:            Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 08/15/1986      Disposition: GUILTY ORIGINAL CHARGE
          Click To View Sentence Detail
002  DE:11:0512:0000:F::E
  CONSPIRACY 2ND (F)
      Complaint Number: **3086055213**
      Case Number:            Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 08/15/1986      Disposition: GUILTY ORIGINAL CHARGE
          Click To View Sentence Detail
003  DE:11:0841:0000:M:
  THEFT UNDER 300.00
      Complaint Number: **3086055213**
      Case Number:            Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 08/15/1986      Disposition: GUILTY ORIGINAL CHARGE
          Click To View Sentence Detail

Arrest Date: **07/12/1984**
Arresting Agency: WILMINGTON PD  Arrest Number: 04742

001  DE:11:0824:0000:D::D
  BURGLARY 3RD (F)
      Complaint Number: **3084046286**

00000100

00000100

Case Number:          Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 11/25/1984 Disposition: DISMISSED
002  DE:11:0512:0000:F:
  CONSPIRACY 2ND (F)
          Complaint Number: 3084046286
          Case Number:          Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 11/25/1984 Disposition: DISMISSED
003  DE:11:0531:0000: :
  ATTEMPT THEFT UNDER 300.00
          Complaint Number: 3084046286
          Case Number:          Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 11/25/1984 Disposition: NOLLE PROSEQUI
004  DE:11:0811:0000: :
  CRIMINAL MISCHIEF
          Complaint Number: 3084046286
          Case Number:          Court: NEW CASTLE COUNTY FAMILY COURT
          Date: 11/25/1984 Disposition: DISMISSED

Delaware Criminal Justice Information System

00000101

00000101



## Compare Mugshot & DMV Photo: CHARLES WEBSTER



Delaware Criminal Justice Information System

00000102

00000102

**EXHIBIT 2**

```
                    SUPERIOR COURT CRIMINAL DOCKET           Page     1
                       ( as of  09/13/2007 )

State of Delaware v.  CHARLES A WEBSTER                 DOB: 09/14/1972
State's Atty: JAMES J FREEBERY , Esq.     AKA: CHARLES WEBSTER
Defense Atty: DAVID J. J FACCIOLO , Esq.       CHARLES WEBSTER


Assigned Judge:

Charges:
Count    DUC#        Crim.Action#    Description        Dispo.    Dispo. Date
----------------------------------------------------------------------------
001    9711010854    IN97111046     ASSAULT 1ST        GLTY      08/20/1998
002    9711010854    IN97111047     ROBBERY 1ST        NOLP      08/20/1998
003    9711010854    IN97111048     RECK END 1ST       NOLP      08/20/1998
004    9711010854    IN97111049     PFDCF              GLTY      08/20/1998
005    9711010854    IN97111050     ATT ROBBERY 1      NOLP      08/20/1998
006    9711010854    IN97111051     PFDCF              NOLP      08/20/1998
007    9711010854    IN97111052     RECK END 1ST       GLTY      08/20/1998
008    9711010854    IN97111053     AGGR MENACING      NOLP      08/20/1998
009    9711010854    IN97111054     PFDCF              NOLP      08/20/1998
010    9711010854    N97111055      DISORD.CONDUCT     NOLP      08/20/1998
011    9711010854    IN97111056     RECK END 1ST       NOLP      08/20/1998
012    9711010854    IN97111057     PFDCF              NOLP      08/20/1998
013    9711010854    IN97111058     RECK END 1ST       NOLP      08/20/1998
014    9711010854    IN97111059     PFDCF              NOLP      08/20/1998
015    9711010854    IN97111060     RECK END 1ST       NOLP      08/20/1998
016    9711010854    N97111061      PFDCF              NOLP      08/20/1998
017    9711010854    IN97120646     PDWBPP             NOLP      08/20/1998

         Event
No.      Date          Event                         Judge
----------------------------------------------------------------------------
1      11/26/1997
         CASE ACCEPTED IN SUPERIOR COURT.
         ARREST DATE: 11/19/97
         PRELIMINARY HEARING DATE: 11/26/97  MUN. CT.
         BAIL:
         HELD ON SECURED BAIL                 93500.00 100
         CONDITIONS: NO CONTACT WITH JOSE RAMIREZ, CECILIO URIBE, ALEIDA URIBE,
         MARIO OTERO, BERNICE SKINNER, THEIR RESIDENCE, FAMLIES, OR PLACE OF
         EMPLOYMENT.
2      12/08/1997
         INDICTMENT, TRUE BILL FILED. #19
         ARRAIGNMENT REPRESENTATION STATUS 01061998 9:30
         CASE REVIEW 01201998 1:45.
3      12/11/1997
         NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF
4      12/22/1997
         MOTION FOR REDUCTION OF BAIL FILED.
```



GOVERNMENT EXHIBIT
2

00000035


00000035

```
              SUPERIOR COURT CRIMINAL DOCKET              Page    2
                    ( as of  09/13/2007 )
```

State of Delaware v.  CHARLES A WEBSTER                    DOB: 09/14/1972
State's Atty: JAMES J FREEBERY , Esq.      AKA: CHARLES WEBSTER
Defense Atty: DAVID J. J FACCIOLO , Esq.        CHARLES WEBSTER

```
        Event
No.     Date          Event                         Judge
----------------------------------------------------------------------------
```

        DAVID J.J. FACIOLO, ESQ.
        12/30/1997                          COOCH RICHARD R.
        MOTION FOR REDUCTION OF BAIL PASSED.
        TIL 010698.
5       01/06/1998                          REYNOLDS MICHAEL P.
        MOTION FOR REDUCTION OF BAIL WITHDRAWN.
        PENDING DISCUSSION WITH NEW ATTORNEY.
6       01/13/1998                          REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR - CONTINUED.  NEW ARRAIGNMENT DATE SET.
        012098
7       01/20/1998                          REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR - CONTINUED.  NEW ARRAIGNMENT DATE SET.
        012798
8       01/27/1998                          REYNOLDS MICHAEL P.
        ARRAIGNMENT CALENDAR - CONTROL FOR REPRESENTATION, DEFENDANT WAIVED
        READING OF INDICTMENT, PLEA OF NOT GUILTY ENTERED, JURY TRIAL DEMANDED
        ARR BY RULE 10C D FACCIOLO
9       01/30/1998                          GEBELEIN RICHARD S.
        FAST TRACK CALENDAR, CONTINUED 020598
10      02/05/1998                          GEBELEIN RICHARD S.
        FAST TRACK CALENDAR, CONTINUED 032398
11      03/02/1998                          GOLDSTEIN CARL
        ORDER: DEFENDANT IS INCARCERATED AT MPCJF; HE IS NEEDED BY THE POLICE
        FOR INVESTIGATIVE PURPOSES; DECTECTIVES WILL ASSUME TEMPORARY
        CUSTODY OF HIM ON 2/28/98 FOR A PERIOD OF TIME NOT TO EXCEED 8 HRS;
        AT THE CONCLUSION OF THIS INVESTIGATIVE STAGE, HE WILL BE RETURNED BY
        THE DETECTIVES TO THE MPCJF.
12      03/23/1998                          SILVERMAN FRED S.
        CASE REVIEW CALENDAR:  FINAL CASE REVIEW CONTINUED
        042098
        04/20/1998                          SILVERMAN FRED S.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL
13      05/01/1998                          TOLIVER CHARLES H. IV
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE:07071998
        CASE CATEGORY:1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):RRC
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
14      05/26/1998                          GOLDSTEIN CARL

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    3
                         ( as of  09/13/2007 )

State of Delaware v.  CHARLES A WEBSTER              DOB: 09/14/1972
State's Atty: JAMES J FREEBERY , Esq.      AKA: CHARLES WEBSTER
Defense Atty: DAVID J. J FACCIOLO , Esq.        CHARLES WEBSTER

        Event
No.    Date         Event                              Judge
------------------------------------------------------------------------
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE:10141998
        CASE CATEGORY:1
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):CHT, IV
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
15   08/20/1998                              BARRON NORMAN A.
        TRIAL CALENDAR-JURY TRIAL-PLED GUILTY-PSI ORDERED
        TO 1046, ASLT.1ST.,TO 1049, PFDCF & TO 1052, RECKLESS END.1ST
        STATE WILL N/P OTHER CHRGS. PER PLEA AGREEMENT. NO SENT.DATE GIVEN.
     01/29/1999                              SILVERMAN FRED S.
        SENTENCING CALENDAR: DEFENDANT SENTENCED.
16   01/29/1999                              SILVERMAN FRED S.
        SENTENCE: ORDER SIGNED & FILED 3/18/99.
17   06/05/2006                              SILVERMAN FRED S.
        WORK REFERRAL.  DEFT COMPLETED 21.14 HOURS OF THE 21.14 HOURS
        OF WORK REFERRAL ORDERED.  CREDITED $130.01 TO 97-11-1046.
18   12/12/2007
        BOARD OF PAROLE PROGRESS REPORT FILED:  DISCHARGE PER MED OF
        11/15/06.
        PROBATION OFFICER:  ANGELA LATSKO
        APPROVED BY:  DWIGHT HOLDEN, CHAIRPERSON OF BOARD OF PAROLE
        SIGNED 12-7-06.

              *** END OF DOCKET LISTING AS OF  09/13/2007 ***
              PRINTED BY: CSCMMON
```



CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

19

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                     :
                                      :
        V.                            :   INDICTMENT BY THE GRAND JURY
                                      :   I.D. 9711010854
CHARLES WEBSTER                       :

The Grand Jury charges CHARLES WEBSTER with the following offenses:

<u>COUNT I. A FELONY</u>

#N 97 11 1046

ASSAULT FIRST DEGREE in violation of Title 11, Section 613, of the Delaware Code

of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of

New Castle, State of Delaware, did intentionally cause serious physical injury to Jose Ramirez by

means of a deadly weapon, to wit: did shoot Jose Ramirez with a gun.

<u>COUNT II. A FELONY</u>

#N 97 11 1049

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY in

violation of Title 11, Section 1447A of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did possess a gun, a firearm during the commission of Assault First

Degree.

<u>COUNT III. A FELONY</u>

#N 97 11 1047

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of

00000038

00000038

1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Jose Ramirez with intent to compel the said person to deliver up property consisting of United States currency and a wallet and when in the course of the commission of the crime, he displayed what appeared to be a deadly weapon, to wit: a gun.

<u>COUNT IV.  A FELONY</u>

#N 9711 1059

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447A of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Robbery First Degree.

<u>COUNT V.  A FELONY</u>

#N 9711 1050

ATTEMPTED ROBBERY FIRST DEGREE in violation of Title 11,  Section  531 of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, did intentionally demand United States currency from Cecilio Uribe, which acts under the circumstances as he believed them to be, constituted a substantial step in a course of conduct planned to culminate in his commission of the crime of Robbery First Degree in violation of Title 11, Section 832, by displaying what appeared to be a deadly weapon in the course of committing Robbery Second Degree with the intent to compel Cecilio Uribe to

00000039

deliver up his property in the manner set forth above.

<u>COUNT VI. A FELONY</u>

#N97N 1051

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY in

violation of Title 11, Section 1447A of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did possess a gun, a firearm during the commission of Attempted Robbery

First Degree.

<u>COUNT VII. A FELONY</u>

#N9711 1053

AGGRAVATED MENACING in violation of Title 11, Section 602 of the Delaware Code

of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, by displaying what appeared to be a deadly weapon, a gun, did

intentionally place Aleida Uribe in fear of imminent physical injury.

<u>COUNT VIII. A FELONY</u>

#N 9711 1054

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY in

violation of Title 11, Section 1447A of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did possess a gun, a firearm during the commission of Aggravated

Menacing.

00000040


00000040

COUNT IX. A FELONY

#N 97 11 1048

RECKLESS ENDANGERING FIRST DEGREE in violation of Title 11, Section 604 of the

Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did recklessly engage in conduct which created a substantial risk of death

to Jose Ramirez, by firing a gun in the direction of Jose Ramirez.

COUNT X. A FELONY

#N 97 11 1052

RECKLESS ENDANGERING FIRST DEGREE in violation of Title 11, Section 604 of the

Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did recklessly engage in conduct which created a substantial risk of death

to Cecilio Uribe, by firing a gun in the direction of Cecilio Uribe.

COUNT XI. A FELONY

#N 97 4 1056

RECKLESS ENDANGERING FIRST DEGREE in violation of Title 11, Section 604 of the

Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, did recklessly engage in conduct which created a substantial risk of death

to Mario Otero, by firing a gun in the direction of Mario Otero.



COUNT XII. A FELONY

#N 97 11 1058

RECKLESS ENDANGERING FIRST DEGREE in violation of Title 11, Section 604 of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, did recklessly engage in conduct which created a substantial risk of death to Celso Medina, by firing a gun in the direction of Celso Medina.

COUNT XIII. A FELONY

#N 97 11 1060

RECKLESS ENDANGERING FIRST DEGREE in violation of Title 11, Section 604 of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, did recklessly engage in conduct which created a substantial risk of death to Bernice Skinner, by firing a gun in the direction of 630 N. Madison Street in Wilmington, which was occupied by Bernice Skinner.

COUNT XIV. A FELONY

#N 97 11 1057

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Reckless Endangering First Degree.

00000042

00000042

COUNT XV. A FELONY

#N 99-12-0646

POSSESSION OF A DEADLY WEAPON BY PERSON PROHIBITED in violation of Title

11, Section 1448 of the Delaware Code of 1974, as amended.

CHARLES WEBSTER, on or about the 14th day of November, 1997, in the County of New

Castle, State of Delaware, having pled guilty in Criminal Action Number IN91-11-1659, in the

Superior Court of the State of Delaware in and for New Castle County to the charge of Assault First

Degree on December 12, 1991, did have in his possession a deadly weapon to wit: a gun.

A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL



A ... COPY
SHARON AGNEW
PROTHONOTARY
BY ...

Superior Court of the State of Delaware, _New Castle_ County

## PLEA AGREEMENT

State of Delaware v. _Charles Webster_

Case No(s): _9711016854_   Cr.A.#s: _____

☐ Title 11 HAB. OFFENDER _____   ☐ BOOT CAMP ELIGIBLE   ☐ INELIGIBLE
☒ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required   ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

Defendant will plead guilty to:

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| 1 | ____ | _Assault First Degree_ | |
| 2 | ____ | _Weapon P.F.D.C.F._ | |
| 10 | ____ | _Reckless End. First_ | |
| | ____ | | |
| | ____ | | |
| | ____ | | |

Upon the sentencing of the defendant, a nolle prosequi is entered on ☐ the following charges/☒ all remaining charges on ~~this indictment~~ _9711016854_

| Count | Cr.A# | Charge |
|-------|-------|--------|
| | ____ | ____ |
| | ____ | ____ |
| | ____ | ____ |

Sentence Recommendation/Agreement: ☒ PSI   ☐ Immediate Sentencing

_5 yrs L5, followed by_ ~~Nye.~~ _6 yr Decrease_
~~Cr.App.~~ _3 yrs L3  3 yr L2_
_State recognizes the possibility for an application for sentence reduction by mutual request only._

State and Defendant agree to the following:
☒ Restitution: _By PSI Memo_
☒ No _____ contact w/ _Victim_
☒ Other Conditions: _Substance Abuse Eval. / Sentence_

DAG: _Scott Stein_
_____
PRINT NAME

_____
SIGNATURE

Date: _3-23-98_

DEF. COUNSEL: _David J.J. Facciolo Esq_
_____
PRINT NAME

_____
SIGNATURE

DEFENDANT: ☒ _Charles Webster_

RON AGNEW
PROTHONOTARY
BY _____

XC: Attorney for Defendant, Defendant
    Attorney General, Attorney General Worksheet

00000044

$\not{F}$ //                    (16)



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE          CASE NO. 9711010854
        V.                 CR.A. NO. IN97111046
CHARLES A WEBSTER
                           CHARGE: ASSAULT 1ST
DOB: 09/14/72
SBI: 00203050              CHARGE DISP: PLED GUILTY

SENTENCE ORDER
_____

NOW, THIS 29TH DAY OF JANUARY, 1999, IT IS THE ORDER OF THE COURT
THAT:

   THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

   THE DEFENDANT IS TO PAY THE COST OF PROSECUTION.

   CONSECUTIVE TO THE SENTENCE NOW SERVING, THE DEFENDANT IS PLACED
IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL
5   FOR A PERIOD OF 20 YEARS.

   AFTER SERVING 1 YEAR AT SUPERVISION LEVEL 5, THIS SENTENCE IS
SUSPENDED.


   THE DEFENDANT SHALL MAKE RESTITUTION AS FOLLOWS: $2,041.00
PAYABLE TO THE VIOLENT CRIMES COMPENSATION BOARD.

PAGE 001 OF 5

00000045

00000045

STATE OF DELAWARE V. CHARLES A WEBSTER
9711010854

AS TO THE CHARGE OF IN97111049, PFDCF,
IT IS THE ORDER OF THE COURT THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

    THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 10 YEARS.

    AFTER SERVING 3 YEARS AT SUPERVISION LEVEL 5, THIS SENTENCE IS
SUSPENDED FOR 1 YEAR AT SUPERVISION LEVEL 3.


    THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-11-1046.

00000046

00000046

STATE OF DELAWARE V. CHARLES A WEBSTER
9711010854

AS TO THE CHARGE OF IN97111052, RECK END 1ST,
IT IS THE ORDER OF THE COURT THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

    THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 5 YEARS.

    AFTER SERVING 1 YEAR AT SUPERVISION LEVEL 5, THIS SENTENCE IS
SUSPENDED FOR 3 YEARS AT SUPERVISION LEVEL 2.

    THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-11-1049.

    THE NON-INCARCERATIVE PORTION OF THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY TO THE NON-INCARCERATIVE PORTION OF THE SENTENCE
IMPOSED IN CR.A. NO. IN97-11-1049.

00000047

00000047

STATE OF DELAWARE V. CHARLES A WEBSTER,
9711010854

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

PAY THE FINANCIAL OBLIGATIONS DURING THE FIRST 2 YEARS OF THE
PROBATIONARY PERIOD.

HAVE NO CONTACT WITH THE VICTIM.

MAINTAIN EMPLOYMENT.

BE EVALUATED FOR SUBSTANCE ABUSE AND EMOTIONAL AND/OR
PSYCHOLOGICAL PROBLEMS AND FOLLOW ANY DIRECTIONS FOR COUNSELING,
TESTING OR TREATMENT MADE BY THE PROBATION OFFICER WHILE AT
SUPERVISION LEVEL 3 OR HIGHER.

NOTE: DEFENDANT HAS LONG VIOLENT JUVENILE RECORD. AS SOON AS
DEFENDANT VIOLATES PROBATION, HE MUST BE TAKEN OFF THE STREET.
DEFENDANT IS LUCKY HE RECEIVED A RULE 11 PLEA.

THIS SENTENCE IS PURSUANT TO RULE 11(E)(1)(C).

ZERO TOLERANCE.

3/10/99

JUDGE FRED S. SILVERMAN


A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY:

00000048

00000048

**EXHIBIT 3**

# LEVEL III
# STANDARD CURFEW:

## IF YOU DO NOT HAVE A JOB YOUR CURFEW IS: 6P.M. TO 6A.M.

## IF YOU ARE EMPLOYED FULL-TIME YOUR CURFEW IS: 10P.M. TO 6A.M.

Turn off any answering machines or voice mails. If I phone during curfew hours and do not speak to you directly or get anything other than YOU… …IT WILL BE CONSIDERED A MISSED CUREW. NO EXCUSES FOR ANY MISSED CURFEWS.

Curfews for those without employment will be changed once you provide this officer with ~~two consecutive~~ a pay stubs. ~~of~~ full-time employment T

I understand and acknowledged the above curfew as established under condition 13 of my supervision.

X _Charles Webster_          Date _6/14/06_

X _Jayda Fox_               Date _6/14/06_



GOVERNMENT
EXHIBIT
3

00000161


00000161

**EXHIBIT 4**

DELAWARE DEPARTMENT OF CORRECTION
BUREAU OF COMMUNITY CORRECTIONS
OFFICE OF PROBATION AND PAROLE
DO56 New Castle Probation and Parole
26 Parkway Circle
NEW CASTLE,DE,19720
Phone No. 302-323-6050

Date: 11/20/2006

## CONDITIONS OF SUPERVISION

| | | |
|---|---|---|
| Name: Webster, Charles A J | SB#: 00203050 | DOB:09/14/1972 |
| R/S: Black / Male | SSN: 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 | Dr.Lic#:0295610 |
| Method:Sentenced Parolee/ C.R. | Interstate From: DE | Release Date: N/A |

Case#: 9711010854    Court:PRLB    Judge: Dwight Holden    Eff.Date: 01/29/1999

| GRA# | Description | LVL | Start Dt | MED | ADJ | Length Y | M | D |
|---|---|---|---|---|---|---|---|---|
| IN97111049 | Pfdcf | 3 | 11/16/2006 | 11/15/2007 | 11/15/2007 | 1 | 0 | 0 |
| IN97111052 | Reck End 1st | 2 | 11/16/2007 | 11/15/2010 | 11/15/2010 | 3 | 0 | 0 |

MOVED TO LEVEL _____ ON _____ MOVED TO LEVEL _____ ON _____

You have been placed under the supervision of the Delaware Department of Correction. You must comply with the following Conditions of Supervision

1    You Must Not Commit A New Criminal Offense Or Moving Motor Vehicle Offense During The Supervision Period. This includes the charges of Escape After Conviction, Escape 3rd and Motor Vechicle offenses

2    You Must Report Any New Arrest, Conviction, Or Police Contact Within 72 Hours To Your Supervising Officer.

3    You Must Report To Your Supervising Officer At Such Times And Places As Directed, And Permit The Probation/Parole Officer To Enter Your Home And/Or Visit Places Of Employment.

4    You Must Have Authorization From Your Supervising Officer To Leave The State Of Delaware Or Your Approved State Of Residence.

5    You Must Report Any Changes Of Residence And/Or Employment Within 72 Hours To Your Supervising Officer.

6    You Must Have Written Approval Of Your Supervising Officer To Own, Possess, Or Be In Control Of Any Firearm Or Deadly Weapon.(Note:  11 Del.C.1448 Prohibits Purchase, Possession, Ownership Or Control Of Any Deadly Weapon By Persons Convicted Of A Felony, Crime Of Violence, Drug Offense Or Commitment For Mental Disorder.)

7    You Are Not To Possess Or Consume A Controlled Substance Or Other Dangerous Drugs Unless Prescribed Lawfully. You Are Subject To Random Testing As Directed By Your Supervising Officer.

8    You Must Pay A Supervision Fee As Required By State Law In Accordance With A Schedule As Established By The Department Of Correction.

9    You Must Comply With Any Special Conditions Imposed At Any Time By Your Supervising Officer, The Court And/Or The Board Of Parole.

**Special Conditions:**
CRT1-Other Conditions: - EFFECTIVE 01/29/99; SENTENCED ON 01/29/99 TO 10Y LEVEL 5-SUSPENDED
AFTER 3Y-FOR 1Y LEVEL 3. 3Y LEVEL 2 TO FOLLOW ON IN97111052./ABR – III
CRT1-Other Conditions: - SAME AS 97-11-1046 – III
GAINFU-Employment Required - III
GAINFU-Employment Required - MAINTAIN EMPLOYMENT - III
MENTAL-Mental Health Evaluation/ Treatment as Directed - III
PLAIN-No Contact with (Specify Who): - WITH VICTIM - III

Offender: _Charles J Webster_    Date: _12/6/06_    Officer: _____
Webster, Charles A (00203050)                        Laisko Angela L - P&P Unit Supervisor
                                                      & Senior P

Page 1 of 2



GOVERNMENT
EXHIBIT
4

00000168

00000168

DE    VARE DEPARTMENT OF CORRECTION
BUREAU OF COMMUNITY CORRECTIONS
OFFICE OF PROBATION AND PAROLE
DO56 New Castle Probation and Parole
26 Parkway Circle
NEW CASTLE,DE,19720
Phone No. 302-323-6050

Date: 11/20/2006

## CONDITIONS OF SUPERVISION

| Name: Webster, Charles A J | SBI#: 00203050 | DOB: 09/14/1972 |
| R/S: Black / Male | SSN: 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 | Dr.Lic#: 0295610 |
| Method: Sentenced Parolee\ C.R. | Interstate From: DE | Release Date: N/A |

PLAIN-No Contact with (Specify Who): - victim - III
SCHED-Pay $ owed as directed by Court or PO - III
SUBABU-Substance Abuse - Evaluation and Treatment as Directed  - III
YMD-Pay $ owed by (Specify Date): - during 1st 2 years of probation - III
ZERO-Zero Tolerance for (Specify):  - III
ZERO-Zero Tolerance for (Specify): - probation - III

You are hereby advised that under law, the Court or Board of Parole may at any time revoke for cause, modify the Conditions of Supervision, reduce the period of supervision and may issue a Warrant/Capias for any violation during the period of supervision. **YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING QUARTERS, PERSON OR VEHICLE WITHOUT A WARRANT AT ANY TIME BY A PROBATION/PAROLE OFFICER.** I have read or have had read to me the above Conditions of Supervision. I consent to and fully understand their content and meaning.

### LEVEL 3 ADDENDUM

You must comply with the following conditions of Level 3 probation/parole supervision:

| | |
|---|---|
| 10 | You Must Not Quit A Job, Training Program, Or School Without Prior Approval Of Your Supervising Officer. |
| 11 | You Must Be Employed Full-Time Or Active In Job Training Or School On A Full-Time Basis.  If Not, You Must Attend A Job Search Program Or Perform Community Service On A Schedule Established By The Supervising Officer. |
| 12 | You Must Participate In 0 - 35 Hours Of Community Service Each Week As Directed By Your Supervising Officer. |
| 13 | You Must Abide By A Curfew Established By Your Supervising Officer. |

You are hereby advised that under law, the Court or Board of Parole may at any time revoke for cause, modify the Conditions of Supervision, reduce the period of supervision and may issue a Warrant/Capias for any violation during the period of supervision. **YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING QUARTERS, PERSON OR VEHICLE WITHOUT A WARRANT AT ANY TIME BY A PROBATION/PAROLE OFFICER.** I have read or have had read to me the above Conditions of Supervision. I consent to and fully understand their content and meaning.

Offender: _____ Date: _____ Officer: _____
Webster, Charles A (00203050)                    Latsko Angela L - P&P Unit Supervisor
Page 2 of 2                                      & Senior P

00000169

00000169

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.  07-115-SLR |
| | : | |
| CHARLES A. WEBSTER, JR., | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

WHEREAS, on October 29, 2007, Defendant filed a Motion to Suppress Physical Evidence and Statements;

WHEREAS, on July 1, 2008, the Court held an evidentiary hearing on Defendant's Motion;

WHEREAS, both parties have submitted briefs outlining their legal and factual positions on the instant Motion;

WHEREAS, the Court has considered all of the foregoing; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

Defendant's Motion to Suppress Physical Evidence and Statements is DENIED.

Dated: August ___, 2008

_____
Honorable Sue L. Robinson
United States District Judge